ROBERT L. BRIGHT *vs.* JOHN T. WILCOX.

DECEMBER 5, 1919.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)   Equity.   Specific Performance.   Laches.*

Where in a decree for specific performance no time was specified within which payment to the vendor was to be made and the amount to be paid by the vendee was undetermined and left to the decision of a master and neither party made any effort to press the suit before the master, there being no evidence that the delay worked any disadvantage to the respondent, complainant is not barred from his right to the performance of the decree on the ground of laches, for mere delay to enforce a right is not laches.

*(2)   Equity.   Superior Court.   Jurisdiction.*

A suit brought in Washington county for specific performance of a contract to convey land, is of such a nature that it could properly be heard and decree entered in Providence county and where this was done by express request of the parties, one of them cannot thereafter be heard to object to such action.

*(3)   Equity.   Specific Performance.   Cost of Transcript.*

Where on a bill for specific performance, a transcript was prepared by agreement of parties, after the hearing on the original bills, and used at request of the parties, by the trial court to assist him in his decision of the cause, and under agreement by parties to share the expense which respondent failed to keep, complainant paying the whole cost, respondent was properly charged in the bill of costs with one-half of the cost of the transcript.

*(4)   Equity.   Specific Performance.   Interest.*

Where under the original decree granting relief, the amount of payment was not determined and no time limit for hearings before a master or for payment was fixed, and the responsibility for delay in pushing the further proceedings rested equally upon both parties, respondent is not entitled to interest on the purchase price.

BILL IN EQUITY for specific performance.   Heard on appeal of respondent and dismissed.

STEARNS, J.   This suit was brought in Washington County for the specific performance of a contract by which the respondent agreed to sell and convey certain land in said county to the complainant Bright.   The parties thereafter made an agreement in writing whereby the cause, with the consent of the court, was transferred to the Superior Court in Providence County for final hearing and disposition.

After a hearing in Providence on various days, a decree in favor of the complainant was entered in Providence, November 7, 1914, by which it was adjudged that Bright was entitled to specific performance of the contract; that the cause should be referred to a standing master in chancery to determine the amount and value of timber and other materials removed by the respondent from the land in question after the date of the contract of sale, and that complainant was entitled to have the value of such timber applied as a credit or payment on the unpaid balance of the purchase price; that upon the payment to the respondent or into the registry of the court the balance which should be found to be due of the purchase price, less the value of the wood removed, the respondent should make a proper conveyance of the property. The suit was then referred by the court to a master to take an account of the damage done to the property but no hearing was ever had on the matter by the master and no action was ever taken by either of the parties to secure a hearing.

In March, 1918, the death of complainant Bright, which occurred in February, 1917, was suggested to the court by the administrator of his estate, who then entered his appearance in the cause and assumed the prosecution thereof.

January 17, 1919, Thomas G. Bradshaw, receiver of the New England Supply Company, filed a petition for leave to intervene as a party complainant, to assume and continue the prosecution of the cause and offered to perform the contract in behalf of the vendee and asked that the respondent be ordered to make a conveyance to him upon the payment of the amount of money which should be found to be due the respondent. By affidavit in the petition it appears that all of the interest of the original complainant, Bright, in the contract sued upon had for valuable consideration been transferred to said corporation and that Bright had been prosecuting the suit in its behalf.

The widow and the heirs of the complainant Bright then entered their appearance in the suit, and they and the

administrator of his estate admitted the truth of the facts alleged in the affidavit and petition to intervene and assented to the filing of the petition.

The suit was then, upon motion of the intervenor, assigned for hearing in the Superior Court for Providence County upon the relief prayed for in the intervening petition. After the hearing, the intervenor having filed a waiver of any claim that he might have for a reduction from the purchase price of the property by reason of any damage done thereto by the respondent, a decree was entered April 17, 1919, by which the respondent was ordered to convey the property to the intervenor, upon payment by the intervenor into the registry of the court of the balance of the purchase price, namely $985.00, less the complainant's costs, including the master's fee of $12.00 and one-half the cost of the transcript of the testimony taken in this suit and another suit involving the same issues and between the same parties and others, which had been tried together by agreement of the parties.

The cause is now before this court on the appeal of the respondent from this decree. The principal ground urged against the decree is that the original complainant, Bright, by his delay was guilty of laches in not conforming with the terms of the decree of the Superior Court of November 7, 1914, and as a consequence it is claimed that the intervenor who stands in the shoes of Bright is not entitled to the relief prayed for. The respondent neither in this court nor in the Superior Court has presented any testimony in support of this claim, but relies solely on such facts as appear from the court record of the proceedings.

By the decree no time was specified within which the payment to the vendor was to be made. The question of the amount to be paid by the vendee was undetermined and was left to the decision of the master. Neither party made any effort to press the suit before the master and as each party had an interest in the subject matter of the suit and as both parties must take part in any hearing, it was in the power of either party who desired the action to proceed

before the master to take the initiative. In the circumstances the failure to press the suit before the master cannot be held to be a fault on the part of one party more than of the other. The respondent made no demand for action and during all this period had, and in fact still retains, a part of the purchase price and, so far as appears, the delay now complained of may have been in accordance with his wishes. There is no evidence that the delay worked a disadvantage to the respondent. Mere delay to enforce a right is not laches. *Chase* v. *Chase*, 20 R. I. 202. To the same effect see *Bright* v. *James*, 35 R. I. 128. As the respondent failed to act when he had the power to do so he cannot now justly place the entire fault for the delay in the proceedings on the complainant. The petitioner is not barred from his right to the performance of the decree on the ground of laches.

(2) The second reason of appeal is that the Superior Court was without jurisdiction to enter a decree in said cause in Providence. There is no merit to this objection as the action complained of was of such a nature that it could properly be heard in Providence and it was heard there at the express request of the parties.

(3) The third reason of appeal is that the court erred in providing in the decree for the deduction from the amount to be paid by complainant of one-half of the cost of the transcript of the testimony. The transcript in question was prepared by agreement of the parties after the hearing on the original bills in equity and was used at the request of the parties by the trial justice to assist him in his decision of the cause. The parties agreed to share the expense but the respondent failed to pay his share and the whole cost was paid by complainant. There was no error in the order of the court in this respect. The matter of costs by the original decree was expressly left open and the deduction of respondent's share was properly ordered by the court.

(4) The respondent at the hearing before this court has asked that he be allowed interest on the purchase price although no objection was specifically taken to the decree on this ground.

For the reasons already stated we do not think he is entitled to interest. The amount of payment was not determined and no time limit either for hearings or payment was fixed in the decree and as we have already stated the responsibility for the delay in pushing the proceedings rested upon both parties.

The appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to· the Superior Court sitting in Washington County for further proceedings.

*William W. Moss*, for intervenor.

*John J. Dunn*, for respondent.